IN THE MATTER OF THE TRUST OF

EARL BENALLY, JIMMIE P. BENALLY

LUCINDA BENALLY and ROBERT BENALLY

Decided October 15, 1969

Before LINCOLN, Chief Justice, LEUPP and YELLOWHAIR, Associate Justices

LINCOLN, Chief Justice

The case on appeal began with a petition to the court for an order to divide property placed in trust for the benefit of Earl Benally, C# 21924; Jimmie P. Benally, C# 21925; Lucinda Benally, C# 21993; and Robert Benally, C# 97118. The property in the trust was the share of the beneficiaries in their father's (Delliwoshie Fat Benally) estate and was placed in trust because the beneficiaries were all minors at the time of the distribution. The trustee of the trust is Nat Benally, who is the half-brother of the beneficiaries and who is the appellant in this case. The evidence was conflicting as to what actually was trust property. The Trial Court held that the property consisted of 84 sheep units in Grazing Permit No. 12-134 and 20 sheep units in Grazing Permit No. 12-1098 which were later cancelled into Grazing Permit No. 12-1540 consisting of 104 sheep units to be distributed among the beneficiaries at that time. Other property claimed by the beneficiaries was held not to be part of the trust and has not yet been distributed by the court.

The appellant challenges the Trial Court's holding on the basis of prejudice of the judge in favor of the beneficiaries of the trust, that no compensation was given for services rendered by him as trustee, that one of the beneficiaries was not present at the appeal and he was given a share in the trust even though not present, and that the judge believed contradicted testimony.

The case was heard trial de novo on the 7th day of August, 1968.

The following elements found and held by the Trial Court in a written opinion were concurred in by the Appellate Court:

1.  The trusteeship is and should be terminated;

2.  The trust contained only the grazing permit and no other property;

3.  The trustee was entitled to no compensation other than the use of the property for the past fourteen years;

4.  Robert Benally is entitled to his share under the trust and that his being adopted after the trust was established does not disturb that right.

The primary issues considered and disposed of on appeal in the de novo trial were the questions of the contents of the property held in trust and whether the trustee should have been compensated for his duties as trustee and his acts of caring for the animals belonging to the beneficiaries.

The testimony was conflicting as to whether the 20 sheep units given to Nat Benally were intended as a gift to Nat Benally or to him as trustee for the benefit of the minor beneficiaries. This Court holds on the basis of the evidence that the 20 sheep units then known as Grazing Permit No. 121098 was given as a gift to Nat Benally and was not intended to be held in trust for the beneficiaries. The fact that the trustee merged the 84 sheep units with the 20 sheep units and managed them together did not make the 20 sheep units a part of the trust property. The 20 sheep units in Grazing Permit No. 121098 was then and is now exclusively the property of Nat Benally. The portion of grazing permit which is now Permit No. 121540 which was previously known as Permit No. 121098 belongs to Nat Benally.

At the time of Delliwoshie Fat Benally's death his wife who was the mother of the beneficiaries was and still is living. The property of decedent belonged to his wife and children living with him at the time of his death according to Tribal custom. It is clear that the mother of the four beneficiaries of the trust had the right and even the duty to manage the property which would eventually be distributed to the beneficiaries after her own death, but she declined this duty because of her own poor health and even gave up her own right to the grazing units held by her husband at his death and transferred her property rights to the trust for the benefit of her children. The four children acquired their interest in the trust both from the property which was theirs by inheritance at the father's death and from their mother's gift to them.

The remaining portion of Grazing Permit No. 12-1540 which was previously known as Grazing Permit No. 12-134 consisting of 84 sheep units is the property equally of the four beneficiaries to the trust who can and hereby do hold their shares in their own right.

The trustee claims a right to compensation for his services rendered the beneficiaries by his acts of caring for the animals belonging to the beneficiaries. It was resolved in the lower court that no compensation was due the trustee for his trust duties and that concurrence is found in this case. It is also held that since the trustee's service rendered beyond the trust duties was voluntary he cannot be compensated for it. The trustee has already received a form of compensation in his use of the beneficiaries' grazing permits for grazing his own animals.

In view of the above findings and opinion, it is hereby ORDERED that the grazing permit for 84 sheep units be transferred to the beneficiaries of the trust: Earl Benally, C# 21924; Jimmie P. Benally, C# 21925; Lucinda Benally C# 21993; and Robert Benally, C# 97118. It is further ORDERED that the Appellant Nat Benally separate his 20 sheep units from Grazing Permit No. 12-1540.

LEUPP, Associate Justice and YELLOWHAIR, Associate Justice, concur.